UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LA'MONT COFFEE, <br> aka MORRIS LA'MONT COFFEY, <br> Petitioner, <br> v. <br> D. K. SISTO, Warden, <br> Respondent. | 1:07-CV-01079 SMS HC <br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS <br> [Doc. #18] <br><br> ORDER DISMISSING PETITION AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT <br><br> ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated November 2, 2007, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by plea of no contest on May 21, 2002, to false imprisonment in violation of Cal. Penal Code § 236, and intimidation of a witness with force or threat of force in violation of Cal. Penal Code § 136.1(c)(1).

See Lodged Doc. No. 1.[1] Petitioner admitted allegations of having suffered three prior serious felony convictions within the meaning of California's three strikes law, and he admitted having served a prior prison term. Id. The court struck the two prior convictions and sentenced Petitioner on June 18, 2002, to serve a determinate term of 10 years and 4 months in state prison. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA") by filing a Wende[2] brief. On February 3, 2003, the Fifth DCA dismissed the appeal pursuant to Petitioner's request. See Lodged Doc. No. 2. Petitioner did not seek a petition for review in the California Supreme Court.

Petitioner then filed nine post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Fresno County Superior Court
Filed: September 15, 2005[3];
Denied[4]: October 26, 2005;

2. Fresno County Superior Court
Filed: October 26, 2005;
Denied: November 22, 2005;

3. Fifth DCA
Filed: December 12, 2005;
Denied: December 22, 2005;

4. Fifth DCA
Filed: February 1, 2006;
Denied: February 9, 2006;

5. California Supreme Court
Filed: March 28, 2006;
Denied: November 15, 2006;

---

[1] "Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] See People v. Wende, 25 Cal.3d 436 (1979).

[3] Although the petition was filed in the Fresno County Superior Court on September 30, 2005, the petition was dated September 15, 2005. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on September 15, 2005, the date Petitioner presumably handed his petition to prison authorities for mailing.

[4] The petition was denied, among other reasons, as untimely pursuant to In re Robbins, 18 Cal.4th 770 (1998).

|   |   |   |
|---|---|---|
| 6. | California Supreme Court<br>Filed: April 12, 2006;<br>Denied: November 15, 2006; | |
| 7. | Fresno County Superior Court<br>Filed: February 16, 2007;<br>Denied: February 23, 2007; | |
| 8. | Fifth DCA<br>Filed: March 14, 2007;<br>Denied: March 22, 2007; | |
| 9. | California Supreme Court<br>Filed: April 2, 2007;<br>Denied: May 9, 2007. | |

See Lodged Docs. Nos. 3-19.

On July 2, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of this Court. By order dated July 26, 2007, the matter was transferred to the Fresno Division. On October 9, 2007, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition to Respondent's motion to dismiss on October 29, 2007.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on July 2, 2007, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the Fifth DCA dismissed Petitioner's appeal at his request on

U.S. District Court
E. D. California          cd                                        4

February 3, 2003. According to California Rules of Court § 8.500(e)(1), the decision became final upon expiration of ten days following dismissal. Therefore, direct review concluded on February 13, 2003, and the statute of limitations commenced the following day. Petitioner had one year until February 13, 2004, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition until July 2, 2007, over three years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on February 14, 2003, and expired on February 13, 2004. Petitioner did not file his first state petition until September 15, 2005, which was over a year and a half beyond the expiration of the limitations period. Because the limitations period had already expired, the collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Likewise, the subsequent petitions did not operate to toll the statute of limitations.

1  D.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(1)(D)

2      Petitioner seeks to invoke the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(D). Title 28 U.S.C. § 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The objective standard in determining when time begins to run under Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), quoting, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000).  Petitioner claims in his opposition to Respondent's motion that the factual predicate for the instant claims did not become known until some time in 2007 when he discovered the Apprendi[5] line of cases.

    In this case, Petitioner knew the important facts or could have discovered the factual predicate for his claims through due diligence prior to 2007. Apprendi was decided in 2000, which was prior to the date of his conviction. Thus, the relevant facts could have been discovered by Petitioner well before 2007.

D.  Equitable Tolling

    The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

    Petitioner argues he should be given equitable tolling because he suffers from mental illness and is required to take certain medications, to wit, Zoloft and Risperdal. He claims these medications cause drowsiness and short-term memory loss among other side effects. This claim is belied by the

---

[5] Apprendi v. New Jersey, 506 U.S. 466 (2000).

fact that during the last six years (the time Petitioner claims he was taking these medications), he managed to file nine (9) petitions for writ of habeas corpus in the state courts. Most of those petitions were filed very soon after the previous petition had been denied. Thus, the alleged hindrances of drowsiness and memory loss did not hamper him from proceeding through the state courts.

He further argues he should be given equitable tolling because he has a very limited understanding of criminal law and court procedures. Petitioner's claim of ignorance of the law is insufficient to justify equitable tolling. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. If lack of legal training and ignorance of the law were excuses for not complying with the limitations period, Congress would never have enacted the AEDPA as most incarcerated prisoners share these same problems. And as pointed out above, Petitioner managed to file nine (9) state petitions despite this purported impediment. Accordingly, the Court finds no reason to equitably toll the limitations period.

E. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>            (A) the final order in a habeas corpus proceeding in which the

    detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

  If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

  In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

  Accordingly, IT IS HEREBY ORDERED that:

  1) Respondent's Motion to Dismiss is GRANTED;

  2) The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period;

  3) The Clerk of Court is DIRECTED to enter judgment for Respondent; and

  4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:**  **November 7, 2007**        /s/ Sandra M. Snyder
                    UNITED STATES MAGISTRATE JUDGE